## BOYD v. UNITED STATES et al.

(District Court, W. D. New York. September 26, 1925.)

No. 2470.

1. **Marriage** ⬥⬥50(5)—**Common-law marriage of claimant of war risk insurance, rather than illicit cohabitation, held established.**

Common-law marriage of claimant of war risk insurance, rather than illicit cohabitation, which, under Act Sept. 2, 1914, § 22, as added by Act Oct. 6, 1917, § 2 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514mmm), would terminate policy, held established.

2. **Marriage** ⬥⬥50(1)—**Direct proof of agreement of marriage per verba de præsenti is not necessary.**

Direct proof of agreement of marriage per verba de præsenti is not necessary.

3. **Marriage** ⬥⬥13—**Common-law marriage in New York is valid, and entitled to recognition on parity with ceremonial marriage.**

Common-law marriage in New York is valid, and entitled to recognition on parity with ceremonial marriage.

**4. Marriage ☞40(10)—So-called affidavit made by claimant of war risk insurance, charged with illicit cohabitation, held insufficient to rebut presumption of common-law marriage.**

So-called affidavit made by claimant of war risk insurance, charged with illicit cohabitation, *held* insufficient to rebut presumption of common-law marriage.

At Law. Action by Mae Nela De Maria Boyd against the United States and another. On motion of the United States for new trial, after directed verdict for plaintiff. Motion denied.

Sidney B. Pfeifer, of Buffalo, N. Y. (William C. Carroll, of Buffalo, N. Y., of counsel), for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., and William Wolff Smith, General Counsel for U. S. Veterans' Bureau, of Washington, D. C., for the United States.

Floriano & Petrino, of Buffalo, N. Y., for Felix De Maria.

HAZEL, District Judge. This is an action to recover on a war risk insurance policy by the widow and beneficiary of her husband, who was killed in the war. The policy is for $10,000. The United States ceased making payments thereunder on the ground that plaintiff lived openly and notoriously in illicit cohabitation with one John A. Boyd, and that under the provisions of the Act of October 6, 1917, § 22 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514 mmm), the policy terminated. The answer, also by counterclaim, asks for return of payments made prior to a discovery of the asserted unlawful relationship.

The War Risk Insurance Act provides that open and notorious illicit cohabitation of 'a widow who is a claimant under an insurance policy shall operate to terminate her right to insurance from the commencement of such cohabitation. The essential element of proof to terminate the policy concededly rests upon the United States, and consisted of the open and notorious illicit cohabitation by plaintiff with a man not her husband. At the close of the affirmative evidence offered by the government, plaintiff's counsel, without tendering any testimony, moved for direction of a verdict in her favor on the ground that the proofs established the existence of a common-law marriage between her and Boyd. The motion was granted, and the United States now moves for a new trial.

[1] Upon examining the rule of law relating to common-law marriages as announced in this state, the motion must be denied, since I am still of the opinion announced at the trial that the prima facie evidence does not establish plaintiff's illicit cohabitation under the intendment of the Act of October 6, 1917. It was proven affirmatively that plaintiff and Boyd continuously lived together as man and wife; that she was known in the community where she lived as the wife of Boyd, and was acknowledged and introduced by him as his wife; that she entered into contracts, and registered and voted, under the name. of Boyd, and received mail addressed to her by that name; that she was known as Mrs. Boyd, the wife of John Boyd, by her landlord and roomers in their home, and by merchants, and had conducted litigation under the name of Boyd. In view of these facts, her cohabitation with Boyd was not illicit; and, indeed, such evidence establishes a common-law marriage entered into prior to July, 1919.

[2] In opposition, counsel for the government contends that it does not appear by direct proof that any agreement of marriage per verba de præsenti to take each other as husband and wife was actually entered into. Direct proof, however, was not absolutely necessary. The fact that they lived together continuously, openly, and notoriously, holding themselves out to the community as husband and wife, justified the presumption that the essentials of a common-law marriage—i. e., capacity and mutual agreement —were present.

The facts are essentially different from Graham v. Graham, 211 App. Div. 580, 207 N. Y. S. 195, cited by the government in support of its contention. In that case the action was for annulment of marriage because of the allegation that the wife had by a prior common-law marriage acquired a husband who was living, and that accordingly she could not contract a second legal marriage. The second husband, however, was aware of the prior relationship, which the court held was intermittent and not continuous, and on that ground the asserted agreement to enter into a common-law marriage was rebutted and overcome by the facts and circumstances. There was no such showing here. No evidence was adduced that plaintiff and Boyd did not take each other to be husband and wife. Neither plaintiff nor her husband, who were in attendance during the trial, were called by the government to testify in rebuttal, and, as the record stood at the close of the affirmative case, no prima facie showing of illicit relationship or cohabitation was presented, which plaintiff was called upon to meet, and, indeed, there was no evidence to indicate that

plaintiff and Boyd were not married by legal ceremony prior to July, 1919.

[3] Under the existing law of this state, a common-law marriage is valid, and is entitled to recognition on a parity with a ceremonial marriage. Such was the ruling of Court of Appeals in Ziegler v. Cassidy, 220 N. Y. 98, 115 N. E. 471, Ann. Cas. 1917E, 248.

[4] But counsel for the United States urges that any presumption that may have arisen from the cohabitation as husband and wife is rebutted and overcome by a so-called affidavit made by plaintiff on May 16, 1922. The statement, which was not sworn to, purports to have been made by Mrs. A. M. Boyd, and states that Mae de Maria, the beneficiary of the deceased soldier, was her sister-in-law, and was then visiting in Canada; that she lived with the plaintiff and her husband, John Boyd. The statement was made by plaintiff to a government investigator, and is unquestionably misleading and disingenuous; but it cannot be considered as a complete rebuttal of the existence of a common-law marriage. In fact, it contains a declaration that she is the wife of John Boyd. Nor, upon giving effect to the pleadings, is the statement sufficient to show that plaintiff was not the beneficiary under the policy.

The motion for new trial is denied.